1831.

WRIGHT
*v.*
WRIGHT.

WRIGHT *vs.* WRIGHT.

An allowance to a wife of alimony and money to carry on a suit, instituted for a divorce, is almost a matter of course. Affidavits in opposition are admitted for the purpose of fixing the amount to be allowed.

*July* 26.
1831.

*Practice.*
*Alimony.*

THE bill was filed for a divorce *a mensa et thoro.* A petition was now presented, on the part of the wife, for alimony and money to carry on the suit. Affidavits, tending to criminate the wife, were read in opposition.

Mr. *J. Radcliff*, supported the petition.

Mr. *J. P. Hall*, contra. He contended, that the conduct of the complainant, as detailed in the affidavits he had read, debarred her from the right to advances and alimony : *Bedell* v. *same*, 2 *J. C. R.* 604 ; and that the court could withhold the same. The words of the statute (2 *R. S.* 148, § 58) showed the matter was in the " discretion" of the court.

*July* 27.

THE VICE-CHANCELLOR. There are often difficulties in cases of this kind ; and frequently a great difference of statements. There may be a point of danger on both sides : an allowance of money might encourage a wife to institute a vexatious suit, while, on the other hand, the withholding it would sometimes stop a meritorious proceeding and even close the doors of justice against a *feme covert.* There are difficulties with regard to the merits : but I cannot go into them at this stage of the suit. An order of the nature which is now asked for, is almost a thing of course. It is granted even where there is a complete denial of the circumstances. In a suit brought by a husband against a wife for adultery, she is entitled to the means of making her defence. One reason why affidavits in opposition are allowed is, that the court may form some idea of

*See Mix* v. *Mix*, 1 *J. C. R.* 108; *Denton* v. *Denton*, *ib.* 364; *Wood* v. *Wood*, 2 *Paige's C. R.* 108.

the amount which ought to be paid. In the present case it appears by the bill, that the defendant received $2,000 of the wife's property on his marriage, and I do not see it contradicted in the affidavits. At the time of a proposed separation and when he was aware of the misconduct which he has now imputed to her, he offered to receive and bear the expense of the children and allow his wife $100 a year. I shall direct the defendant to pay $100 to the solicitor of the complainant, for the purpose of carrying on the suit; and the sum of $12 50 a month—equal to $150 a year. This allowance may be increased or diminished, during the pendency of the suit, according to circumstances.