1834.

Germond
v.
Germond.

---

### GERMOND *vs.* GERMOND.

Pending a suit commenced by the wife against her husband, for a separation on account of cruel treatment, the allowance for temporary alimony will be estimated according to the expense of board and clothing at the place where her connexions reside, if she selects that as the place of her residence after her separation from her husband, unless the expense of living there is disproportioned to the property of her husband.

The allowance for temporary alimony, pending the suit of the wife for a separation, will be limited to the actual wants of the wife, until the result of the suit in her favor establishes her right to a more liberal allowance.

THIS case came before the court upon exceptions to the report of a master, to whom it was referred to inquire and report what sum would be just and proper for the defendant to pay for the support and maintenance of the complainant, as temporary alimony pending this suit, instituted by her to obtain a separation on account of cruel treatment. The master re-

October 21.

1834.

Germond
v.
Germond.

ported $25 per month, to commence from the time of making the order of reference, as a just and proper allowance; and that it should be paid monthly. He also, in pursuance of the directions contained in the order of reference, reported a suitable allowance to be paid to her for the necessary law expenses in this suit. The defendant excepted to so much of the report as related to alimony : *first,* that the amount allowed was excessive ; and *secondly,* that the master erred in requiring the payments to be made monthly. From the testimony before the master, it appeared that the defendant was a farmer, worth between four and five thousand dollars, residing in the county of Rensselaer ; that he married the complainant in the city of New-York, where her father resided at the time of the marriage ; that the complainant, upon her separation from her husband, returned to her father's, in New-York ; that her father afterwards died, and that she has since continued to reside in the city of New-York, boarding with a relative. From the testimony, it also appeared that the expense of the board, clothing, &c. of the conplainant, in the city of New-York, according to her situation in life, would be from two hundred and fifty to three hundred dollars ; and that from the state of her health, she was unable to support herself by sewing or other labor ; and that the expense of her board and clothing in the country, in the neighborhood of the defendant's residence, would have been from one hundred and twenty to one hundred and eighty dollars per annum.

*R. H. Morris,* for the complainant.

*J. P. Cushman,* for the defendant.

THE CHANCELLOR. No objection is made to that part of the master's report which fixes the allowance for law expenses ; and the amount thus fixed must be paid to the complainant or her next friend, or the solicitor for the complainant, without delay, that the suit may proceed and be brought to a termination. In disposing of the questions which arise upon these exceptions, I shall endeavor to do so unbiassed by facts and circumstances which came to my knowledge while sit-

ting in another place, and shall decide the exceptions upon the facts, as they appeared before the master on this reference. The first question that arises is, whether the allowance for temporary alimony should be estimated according to the expense of board and clothing in the city of N. York, where the complainant has resided since her separation from her husband, or according to what her board and clothing could be procured for in a farmer's family in the country, or in the neighborhood of the defendant. N. York was her paternal home, and the place to which she would naturally go upon being compelled by cruel usage to leave the house of her husband. And although her surviving parent is now dead, it would be unreasonable to require her to go into the country, or among strangers, to reside pending this litigation ; unless the expense of supporting her at her present residence, among her friends and acquaintances, should be found wholly disproportioned to the property or means of her husband. The property of the defendant, even at the lowest estimate of his own witnesses, is unquestionably sufficient to support his wife at her present residence in New-York, until the termination of this suit, and to leave a competency for himself, during the litigation and afterwards ; unless the result of the suit should show that the complainant has paramount claims upon such property, for a separate maintenance for life, arising from his misconduct towards her.

It does not appear that the defendant has any children, or that there are any other persons who have a natural claim upon him for support. There is therefore no reason why even temporary alimony should be limited to a certain proportion of his income only, leaving the principal of his property untouched ; as the exhausting of the whole principal, for the support of himself and his wife during their lives, would leave no one destitute, who has any natural claims upon his bounty, at his death. This temporary allowance cannot break in much upon the principal of his property, unless the litigation should be unnecessarily protracted. But, as a general rule, to guard against any abuse of the privilege of the wife to obtain a temporary support pending a suit for a divorce or separation, and to prevent the bringing of improper suits for the mere purpose of

obtaining a support during a protracted litigation, the temporary alimony must be limited to the actual wants of the wife, until the termination of the suit in her favor establishes the fact that she has been abused and is entitled to a more liberal allowance. Applying that principle to the present case, I should think the allowance of $25 per month, as fixed by the master, was too large an allowance for temporary alimony, did it not appear, by the testimony of the lady with whom the complainant resides, that the state of her health is such as to incapacitate her from doing any thing towards her own support. That circumstance, which was probably unknown to Curtis, the other witness, prevents me from reducing the allowance to $250 per annum, the lowest sum mentioned by him. I shall therefore leave it as fixed by the master. The first exception must be overruled; and so much of the report as relates to the amount of the monthly allowance, and the time from which it should commence, is confirmed.

Considering the distance at which the parties reside from each other, and the inconvenience and expense of making so many small payments at such a distance from the residence of the party who is to pay, I think the master should not have required the payments to be made monthly. It probably will answer the purposes of the complainant nearly as well to have the payments made quarterly, at the expiration of every three months, and the trouble and expense to the defendant will be considerably lessened, if he is permitted to make the payments at the end of every three months only. The report must be modified accordingly. And the defendant must pay to the complainant, or to her next friend, or solicitor, for her benefit, the allowance for the first nine months, commencing in the month of January last, on the 27th of October, 1834, or within 20 days after notice of the order, together with the amount allowed by the master for law expenses, if that has not already been paid. The subsequent payments to be made quarterly, until the further order of the court, during the continuance of the suit.