The Vice-Chancellor.
This is a petition of the wife for an increase of alimony, pending a suit against her by her husband, for a divorce, on the ground of adultery. The offence is denied by the wife, and a feigned issue is in readiness to try the question. The late Vice-Chancellor allowed to her thirty dollars per month, for temporary alimony, and it is now asked to increase it, so as to enable her to pass the ensuing winter in a *374 tropical climate, for the preservation of her life. Of the necessity of such a measure, physicians are the best judges, and the court must depend very much on their opinions and advice. The affidavits of Mrs. Lynde’s physicians are not contradicted or assailed, and from their long acquaintance, with her health' and her constitution, their opinion is entitled to great weight. They concur in declaring that she is in feeble health, that her symptoms indicate the incipient stages of pulmonary consumption, and her tendency to that disease is such, that it would he imprudent and unsafe for her to remain in a northern climate during the ensuing winter, that it is highly important and necessary for the preservation of her health and life, that she should not be exposed to the severity of a winter in this climate, and that she should pass the winter in the island of Cuba, or in a climate equally mild.
From these statements, I cannot doubt that the detention of the defendant tn this climate, will bring upon her an incurable disease; while the voyage to Cuba and a winter residence there,would probably improve her health, and prolong her life for many years.
And it is certainly the duty of the court to enable her to make the trial, if it can be done consistently with legal principles, and with the complainant’s resources.
There is no fixed rule as to the extent of temporary alimony, in suits prosecuted by the husband against the wife. He is bound to support her during the litigation; and this support must be reasonable, having regard both to the husband’s means and the wife’s necessities. When there are children of the marriage who remain with the mother, a much larger allowance is made to the wife. If she is an invalid, a larger sum will be granted than when she enjoys perfect health.
In the English ecclesiastical courts, where causes of this nature are treated with enlightened good sense and on principles of pure equity, the usual' allowance for temporary alimony, independent of any adventitious circumstances, is about one-fifth of the husband’s income, when the children remain at his charge. And this is sometimes allowed, where the wife has some income of her own. Permanent alimony is there decreed *375 to a much larger proportion than that given pendente lite. (See Rees v. Rees, 3 Phillimore, 387 ; Hawkes v. Hawkes, 1 Haggard Eccl. R. 526 ; Kempe v. Kempe, ibid. 532 ; Street v. Street, 2 Addams, 1.)
In Brown v. Brown, 2 Hagg. Ecc. R. 5, the allowance pending the suit, was £50 a year, out of an income of £140. I will also refer to Germond v. Germond, 4 Paige, 643, and Purcell v. Purcell, 3 Edw. Ch. R. 194, as exhibiting the principles adopted in our courts.
When the suit is prosecuted by the wife against the husband, especially if it be for a limited divorce, the court is more watchful and guarded in awarding these allowances, while the suit is in progress.
In this case, the income of the husband is at least §1500 a year, and he supports the three children of the marriage. If the children together, were to be deemed equal to each of their parents in their claim for maintenance on the common fund, it would leave for the latter each §500 yearly.
On the reference as to alimony, the master fixed upon ten dollars a week as a proper allowance, which tallies very nearly with that result; but the vice-chancellor reduced it to §360 a year.
On the defendant’s estimate, it will require an expenditure of §400, to enable her to go to Cuba, remain there till April, and return here again. This would be in lieu of four months of her regular receipts mnder the order made on the 25th of March last; and taking the entire year together, it would make the sum of §640, allowed to her in one year. If, however, she should return in April, and live for six months longer on the §30 a month, the whole allowance for a year and a half would be only about §45 50 per mouth ; or less than the master thought was reasonable, independent of the voyage and residence in Cuba.
Under all the peculiar circumstances of the case, (and it is upon those alone that I proceed,) I feel bound to grant the prayer of the petition. The money may be paid to the clerk of the court, if the opposite party insist on that course, to be disbursed by him for the purposes of the voyage. The allowance under *376 the previous order, will be suspended for four months, from the first of December.
Order for the payment of $400, accordingly.(a)

 This order was affirmed by the chancellor, on appeal. (See 2 Barb. Ch. R. 72.) On the trial of the feigned issue in the following year, a verdict was rendered in favor of the defendant.