Barbour, J.
There is no pretense in the moving papers that the defendant’s real estate which is covered by the injunction will not be amply sufficient to secure the payment of such alimony as may be, by final decree, awarded to the plaintiff. It must be assumed, therefore, that such real estate alone is quite sufficient for the security of the plaintiff during the litigation, and that by the final judgment, or otherwise, such property will, if necessary, be charged in such manner as the court may deem fit, for the payment of such alimony as shall be awarded, as was done here in the case of Forrest v. Forrest. The order is not necessary, therefore, for either the present- or ultimate security of the plaintiff.
*714 Hor can it be said that the taking of the horses and carriages from the possession of the plaintiff, or depriving her of their use, during the litigation, will, in any manner, “produce injury" to her, or violate her rights, within the intent and meaning in which those terms are employed in the 219 th section of the Code. It is, no doubt, an injury affecting a substantial right that is contemplated.by the section referred to, and nothing else; and, certainly, it cannot be claimed that the plaintiff here has any right, legal or equitable, to the possession or use of the carriages and horses, as against her husband, to whom they belong.
Nor can the claim be sustained that the status of the parties in society and the great wealth of the husband render it fit and proper that the defendant should be compelled by the-order asked for, to continue to furnish the plaintiff with the horses and carriages pending the litigation. Power is conferred upon the court by the 72d section of the statute “ Of Domestic Relations," (2 R. S. 148,) “ to require the husband to pay any sums necessary to énable the wife to carry on the suit, during its pendency,” but I know of no statute nor law which authorizes a judicial tribunal to compel a husband to furnish his wife, before final decree, with a house or furniture, or horses, or any other specific article, except money, in such sums as may be necessary to enable her to carry on the litigation, including, of course, the expenses of her own proper and suitable subsistence. I may add, that even if the power to grant this order as, or as an increase of/an allowance, existed, the propriety of exercising it in this case might well be doubted ; for, an allowance to the wife pending the suit is always much smaller in proportion than a permanent provision after decree; (Lawrence v. Lawrence, 3 Paige, 267;) and, as a general rule, temporary alimony ought to be limited to her actual wants. (Germond v. Germond, 4 Paige, 643.)
The motion must be denied.