ADELAIDE M. HARDING

_v._

GEORGE F. HARDING.

_Filed at Ottawa, October 31, 1892._

1. SEPARATE MAINTENANCE — _alimony_ — _pendente lite._ It is no objection to the allowance of suitable alimony to a wife pending her bill for a separate maintenance, that the husband denies the facts alleged by her; but the court may, if it deems it necessary, enter into a sufficient examination of the case, to determine the good faith of the complainant·

in exhibiting her bill, which will ordinarily be confined to an inspection of the pleadings, of which the court may require verification. And the court will, in the exercise of its judicial discretion, make or withhold the allowance as it shall appear that the wife has or has not shown a meritorious cause, and is or is not proceeding in good faith.

2. SAME— *wife entitled to support pending her suit.* In a divorce or separate maintenance suit, while the matters in issue are being litigated, the wife will be presumed to be entitled to support until it is shown by the result of the trial that her claim is forfeited. This rule grows out of the duty of the husband to maintain and support his wife and protect her from oppression and wrong. The statute authorizes the court to give provisional alimony in addition to the award of a sum to enable the wife to employ counsel and meet the expenses of the litigation.

3. The same reason exists why a wife, who is living apart from her husband without fault, shall receive that reasonable support that he is bound by law to provide her pending her bill for maintenance, that exists when she sues for divorce. It is the intention of the statute to place bills by a wife for separate maintenance and bills for divorce upon the same footing in this respect.

4. SAME— *amount of temporary alimony.* Whether an allowance shall be made or not in the nature of temporary alimony rests in the judicial discretion of the court, to be exercised in view of the conditions and circumstances of each case, and an abuse of the discretion is necessarily subject to review. Unless, however, there is clearly an abuse of the discretion, the decree will not ordinarily be disturbed on appeal.

5. The amount of the allowance will, ordinarily, when the husband has any considerable estate, be less than would be allowed as permanent alimony in divorce proceedings, and less than the permanent maintenance allowed in suits for separate maintenance. But the amount is usually arrived at in the same manner as in awarding permanent alimony or maintenance; that is, by considering the joint income of the husband and wife. The husband's income, the estate of the wife, as well as the ages and conditions in life of the parties, their ability to care for themselves, whether they are subject to the support and education of minor children, and indeed all the circumstances affecting the property of the allowance, will be considered.

6. The ordinary rule of temporary alimony is to allow the wife one-fifth of the joint income, deducting the income from the wife's separate estate. However, the amount allowed by the courts is by no means uniformly in the proportions indicated by the text writers. It varies from a sum sufficient to meet the actual wants and necessities of the wife, to a third and even a half of the income of the husband. Some cases hold that no allowance shall be made from the income of the husband while the wife has property remaining which she may

subject to the payment of the litigation and to her support, but these cases can not be considered as authority in this State.

7. And it is undoubtedly the rule that, where there is slight income, and the payment of the allowance will result in diminishing the estate from which the income is derived, it will not ordinarily be permitted to extend beyond providing for the actual wants and necessities of the wife. But if the husband has committed breaches of his marital obligations, entitling her to a divorce, or she is living separate and apart from him through his fault and without fault on her part, and her suit is in good faith, she will be entitled to be maintained and supported consistently with her station in life and his ability, if the money required therefor be not more than a just and equitable proportion of the joint income of herself and her husband.

8. It would seem equitable and just that a wife, who is prosecuting her suit in good faith, should be placed upon an equality with the husband; and if her income be insufficient to maintain her and to carry on the litigation, his income should be required to contribute before she is required to exhaust her estate.

9. If the income of the wife be sufficient to suitably support her, there will ordinarily exist no reason for making an allowance for that purpose, but if her income is insufficient and that of the husband is ample, equitable considerations and the weight of authority require that such a sum shall be allowed from the husband's income as will, when added to her own, enable the wife to live comfortably, pending the litigation, in the station of life to which he has accustomed her.

10. Same — *allowance for attorney's fees and expenses of litigation pendente lite.* In order that a wife suing her husband for a separate maintenance may have a fair opportunity to present her cause, it is necessary not only that she be suitably maintained, but she must be enabled to employ counsel and make proper preparation for trial. In making such allowances, due regard should always be had to the character of the litigation, the services necessarily to be performed, the probable expense to be incurred, and all other circumstances which the court can see may tend to lessen or increase the probable expense of the litigation.

11. Same — *support of minor children pending litigation.* On a bill by a wife against her husband for separate maintenance, it is error to decree payment to the wife for the support of their minor children in the absence of any order of court giving her their custody, when it appears that the husband is willing and amply able to support them, and he is guilty of no neglect of them. The father is entitled to the custody of his minor children until the right to their custody is awarded by the court to some other person, and he can be deprived of such control only by the order of a court having jurisdiction to make the same.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F TULEY, Judge, presiding.

Messrs. STILES & LEWIS and Mr. JOHN S. COOPER, for the appellant:

Appellant made a *prima facie* showing to warrant the order for temporary alimony and suit money. *Johnson* v. *Johnson,* 125 Ill. 510; *Sharp* v. *Sharp,* 116 id. 509; *Wahle* v. *Wahle,* 71 id. 510; *Hawes* v. *Hawes,* 33 id. 286; *McGee* v. *McGee,* 10 Ga. 477; *Daiger* v. *Daiger,* 2 Md. Ch. 335; *Porter* v. *Porter,* 41 Miss. 116; *Litowich* v. *Litowich,* 19 Kan. 451; *Scoggins* v. *Scoggins,* 80 N. C. 318; *Cowan* v. *Cowan,* 10 Col. 545; *Wright* v. *Wright,* 1 Edw. Ch. 62; *Smith* v. *Smith,* id. 255; *Kennedy* v. *Kennedy,* 73 N. Y. 369; *Story* v. *Story,* Walker's Ch. 421; *Lisbey* v. *Lisbey,* 2 Tenn. Ch. 1; *Methvin* v. *Methvin,* 15 Ga. 664; 2 Bishop Marriage and Divorce, secs. 384, 406, 423; Stewart on Marriage and Divorce, secs. 383, 386; Brown on Divorce, 244; Poynter on Marriage and Divorce, 247; Shelford on Marriage and Divorce, 587.

Pending the litigation it will be presumed that the wife is entitled to temporary alimony. *Methvin* v. *Methvin, supra; Newman* v. *Newman,* 69 Ill. 167; *Jenkins* v. *Jenkins,* 91 id. 167; *Burgess* v. *Burgess,* 25 Ill. App. 525; *Umlauf* v. *Umlauf,* 22 id. 580; *Foss* v. *Foss,* 100 Ill. 576.

The right of a wife to temporary alimony is not barred by the fact that she has means of her own, nor is she obliged to exhaust such means before an allowance will be made. Bishop on Marriage and Divorce, secs. 460, 375, 394; Stewart on Marriage and Divorce, sec. 388; Brown on Divorce, 175; *Rose* v. *Rose,* 53 Mich. 585; *Miller* v. *Miller,* 73 N. C. 70; *Merritt* v. *Merritt,* 99 N. Y. 643; *Kreemer* v. *Kreemer,* 26 Ind. 330; *Westerfield* v. *Westerfield,* 36 N. J. Eq. 195.

Mr. WILLIAM J. AMMEN, for the appellee:

On motion for alimony *pendente lite* upon bill, answer and affidavits taken on both sides, it is proper for the court to look into the merits. *Bigbie* v. *Bigbie*, 7 N. J. Eq. 98; 60 Am. Dec. 674, note.

It must appear that the suit is brought in good faith, and not for the purpose of obtaining money. *Kerrigan* v. *Kerrigan*, 15 N. J. Eq. 146; *Litowich* v. *Litowich*, 19 Kan. 451.

Injury and a meritorious cause of action must be shown before alimony *pendente lite* will be granted in a suit for such a. divorce. Notes, 60 Am. Dec. 678, citing *Worden* v. *Worden*, 3 Edw. Ch. 387; *Solomon* v. *Solomon*, 28 How. Pr. 218; *Davis* v. *Davis*, 75 N. Y. 271; *Boubon* v. *Boubon*, 3 Robt.. 715; *Dougherty* v. *Dougherty*, 8 N. J. Eq. 540.

When it is apparent that there is no probability that the wife will succeed ultimately in obtaining the decree of separation prayed for, alimony *pendente lite* will be withheld. Notes, 60 Am. Dec. 678, citing *Snyder* v. *Snyder*, 3 Barb. 621; *Hollerman* v. *Hollerman*, 1 id. 64; *McDonough* v. *McDonough*, 16 How. Pr. 593.

*Query.* Is not a divorce from bed and board, under the English law, very similar to a decree for separate maintenance under our statute?

The award of temporary alimony, solicitor's fees, etc., was error, because it was not shown that appellant needed the same, the showing being that she had abundant resources of her own. Stewart on Marriage and Divorce, sec. 372; *Methvin* v. *Methvin*, 60 Am. Dec. 68.

When the wife has sufficient separate property, the reason for giving her alimony or suit money does not exist, and she is not entitled to either. *Westerfield* v. *Westerfield*, 36 N. J. Eq. 195; *S. C.*, 15 Rep. 352. Therefore, in fixing the amount of alimony *pendente lite*, the amount of the wife's separate estate is to be considered. *Jeter* v. *Jeter*, 36 Ala. 391; *Killiam*

v. *Killiam*, 25 Ga. 186; *Corey* v. *Corey*, 81 Ind. 469. And if she be found to have sufficient separate property or means of her own to provide for her separate maintenance, no alimony, temporary or permanent, will be awarded her. *D'Aquiler* v. *D'Aquiler*, 1 Hagg. Ecc. 773; *Belcher* v. *Belcher*, 1 Curt. Ecc. 444, 446; *Bremner* v. *Bremner*, 3 Sw. & Tr. 249; *Powell* v. *Powell*, L. R., 3 P. & D. 55, 56, 186, 192; *Eaton* v. *Eaton*, 2 id. 51, 52; *George* v. *George*, 1 id. 554, 555; *Turner* v. *Turner*, 44 Ala. 437, 451, 452; *Pinckard* v. *Pinckard*, 22 Ga. 31, 32; *Stillman* v. *Stillman*, 99 Ill. 196, 202, 204; *Morse* v. *Morse*, 25 Ind. 156, 163; *Kenemer* v. *Kenemer*, 26 id. 330, 332; *Logan* v. *Logan*, 2 B. Mon. 142, 149; *Gaines* v. *Gaines*, 9 id. 295, 303; *Coles* v. *Coles*, 2 Md. Ch. 341, 347; *Daiger* v. *Daiger*, id. 331, 338; *Brown* v. *Brown*, 22 Mich. 242, 245; *Stevens* v. *Stevens*, 49 id. 504; *Porter* v. *Porter*, 41 Miss. 116, 118; *Willing* v. *Willing*, 16 N. J. Eq. 389, 391; *Westerfield* v. *Westerfield*, 36 id. 195; *Collins* v. *Collins*, 80 N. Y. 1; *S. C.*, 2 Paige, 9, 10; *Maxwell* v. *Maxwell*, 28 Hun, 566; *Hoffman* v. *Hoffman*, 7 Robt. 494; *Miller* v. *Miller*, 75 N. C. 70; *Converse* v. *Converse*, 9 Rich. Eq. 425; *Lishey* v. *Lishey*, 2 Tenn. Ch. 1; *Coad* v. *Coad*, 40 Wis. 392, 393.

"A reference to a master to ascertain the resources of the wife in order that the court, in granting temporary alimony, may be informed in this regard, is proper." *Maxwell* v. *Maxwell*, 28 Hun, 566.

The Illinois decisions as to temporary alimony and suit money are: *Foss* v. *Foss*, 2 Bradw. 411; *Johnson* v. *Johnson*, 20 Ill. App. 495; *S. C.*, 125 Ill. 510; *Foss* v. *Foss*, 100 id. 576; *Stillman* v. *Stillman*, 99 id. 196; *Jenkins* v. *Jenkins*, 91 id. 167; *Trotter* v. *Trotter*, 77 id. 510; *Newman* v. *Newman*, 69 id. 167; *Burgess* v. *Burgess*, 20 Ill. App. 525; *Wheeler* v. *Wheeler*, 18 Bradw. 330; *Becker* v. *Becker*, 15 id. 247; *Bowman* v. *Bowman*, 24 Ill. App. 165; *Umlauf* v. *Umlauf*, 22 id. 580.

It was error to make the allowance for the support of the children.   Schouler on Domestic Relations, secs. 245, 248; *People* v. *Turner*, 55 Ill. 280; *Hewett* v. *Long*, 76 id. 390; *Umlauf* v. *Umlauf*, 128 id. 378.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellant filed her bill in the Circuit Court of Cook county, for separate maintenance, alleging that she was living separate and apart from her husband, appellee, without fault on her part.   The bill, among other things, alleged that two daughters, issue of the marriage between appellant and appellee, and aged respectively eleven and fifteen years, were living with appellant and supported by her, and prayed for their custody.   Answer was filed, admitting the marriage and putting in issue other material allegations of the bill, to which replication was filed. Issue being thus formed, appellant filed her petition for temporary alimony, praying that there be allowed her out of the estate of appellee a suitable sum to pay for the necessary support and maintenance of herself and the said two daughters from the time of the separation to the filing of the petition, and farther suitable and proper alimony *pendente lite* for the support and maintenance of herself and said two daughters, and an allowance for solicitor's fees and other expenses of the litigation.   On hearing of the petition for temporary alimony, the court, by its decree, ordered appellee to pay appellant $900 for support of herself and said daughters to that date, and the farther sum of $300 on the first day of each and every month, commencing on a day named, for her own support and maintenance, and the farther sum of $180 per month, beginning at the same date, for the support of the daughters mentioned, pending the litigation ; and the farther sum of $1000, solicitor's fees, and $400 for other expenses of her suit.   No order was made in respect of the custody of the daughters, that question being expressly reserved to the final hearing.

On appeal to the Appellate Court, the order of the Circuit Court was reversed *in toto,* and the case is brought to this court by the appeal of the complainant.

It is first insisted that there was not a sufficient showing on this preliminary hearing that appellant was living separate and apart from her husband, without her fault, to warrant the entry of the order of the court. Section 1 of the statute entitled " Separate Maintenance," provides: " That married women who, without their fault, now live, or hereafter may live, separate and apart from their husbands, may have their remedy in equity in their own names, respectively, against their husbands for a reasonable support and maintenance while they so live, or have so lived, separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition of the parties in life and the circumstances of the respective cases; and the court may grant allowances to enable the wife to prosecute her suit as in cases of divorce." It is not questioned that the allegations of appellee's original and amended bills are sufficient, if proved, to entitle her to relief. The answer denied these allegations, thus forming issues, in the trial of which counsel must be retained, evidence taken, and other expenses necessarily be incurred. And pending the trial the complainant must live, and, if entitled to the relief, will ultimately be entitled to such an amount by way of separate maintenance as would have supported her in the station in life in which she was entitled to be supported, as appellee's wife. It is no objection to the allowance being made that the husband denies what the wife alleges. To ascertain the truth in respect of the issues made by the bill and answer is the purpose of the trial, and to enable the wife to properly present her cause, the purpose of the allowance. To hold that the mere denial by the defendant of the matters alleged would put the complainant upon proof would be subversive of the whole theory upon which the allowance of temporary alimony is based. *McGee* v. *McGee,* 10 Ga. 477; *Wilson* v. *Wilson,* 2 Dev. & Bat. L. R.

377 ; *Daiger* v. *Daiger*, 2 Md. Ch. 335 ; *Wright* v. *Wright*, 1 Edw. Ch. 62 ; *Porter* v. *Porter*, 41 Miss. 116 ; *Litowitch* v. *Litowitch*, 19 Kan. 451 ; *Scoggin* v. *Scoggin*, 80 N. C. 318. The court should enter into a sufficient examination of the case to determine the good faith of the complainant in exhibit-ing her bill, which will ordinarily be confined to an inspection of the pleadings, of which the court may and should, if other proof be not made, require verification. And the court will, in the exercise of its judicial discretion, make or withhold the allowance as it shall appear that the wife has or has not shown by her pleadings a meritorious cause of action or defense, and is or is not proceeding in good faith. Bishop on Marriage and Divorce, 384, 406, 423 ; Stewart on Marriage and Divorce, secs. 383–386 ; Brown on Divorce (Am. ed.), 244 ; Poynter on Marriage and Divorce, 247. In *Newman* v. *Newman*, 69 Ill. 167, we said : "In a divorce suit, while the matters in controversy are being litigated, the wife will be presumed to be entitled to support until it is shown by the result of the trial that her claim is forfeited." *Jenkins* v. *Jenkins*, 91 Ill. 167 ; *Foss* v. *Foss*, 100 id. 576. The rule grows out of the duty of the husband to maintain and support his wife and protect her from oppression and wrong. In this case the complainant filed her petition for alimony, in which, among other things, it is stated "that she had read the original bill and amendments thereto and knows the contents thereof, and that the same are true, except as to the matters and things stated on information and belief, and, as to such matters and things, she believes them to be true." The petition is verified by the oath of complainant. This was sufficient, if the court believed her, to warrant the exercise of the discretion of the court in finding that she was proceeding in good faith.

It is, however, insisted, in effect, that in proceedings in equity under the statute the court is not justified or authorized in awarding provisional alimony ; that the statute authorizing an allowance "to enable the wife to prosecute her suit," the

award must be confined to the actual expenses of the litigation, or what is sometimes called suit money. We are not disposed to give this remedial statute so narrow and restricted a construction. By the common law, the duty rested upon the husband to provide for his wife a reasonable support; but the wife was without remedy by the common law to enforce her right, or to compel observance by the husband of that duty. The statute, recognizing the obligation of the husband, and the defect in the common law, gives to the wife a remedy in her own name, in equity, whenever she is living apart from her husband without fault on her part. The remedy is given in equity, and when the aid of that jurisdiction is properly invoked, it necessarily calls into activity all of the ordinary powers of the court necessary to render the remedy efficacious and complete. Upon bills for separate maintenance, as in divorce cases, the court is required to deal with the rights and duties of the parties, growing out of their marital relations, and in the jurisdiction to determine the causes, there necessarily exists the power to compel the doing of such acts by the parties as are necessary to effectuate the purpose for which the jurisdiction is conferred. Thus, in speaking of the power to grant provisional alimony, independently of statute authorizing it, Bishop says : "It springs necessarily from the legal relation of the parties, and the condition of facts appearing of record before the court to which the application is made." By reference to the authorities cited, it will be found that the uniform practice of the Ecclesiastical Courts of England, where divorces *a mensa et thoro* only were granted, was to allow provisional alimony and suit money upon proper application. This statute is to be liberally construed to advance the remedy. There is the same reason why the wife, who is compelled to live apart from her husband, without fault, should receive that reasonable support that he is bound by law to provide her, pending the determination of her suit that exists when she is complainant in a divorce proceeding. To refuse to allow her a reasonable

support *pendente lite* would, in many cases, be to deny her the right to prosecute her suit altogether. The legislature have intended to place bills of this character upon the same footing, in the respect being considered, as proceedings for divorce, and we are of opinion that the court is warranted, in proper cases, in granting such allowance to the wife as is usual and proper in divorce proceedings. And such has, as we understand, been the uniform practice in this State since the passage of the statute referred to.

It appears that appellee is a man of great wealth, a millionaire at least. His gross annual income is placed as high as $120,000, his net income from $15,000 to $50,000. The former and smaller figure is the sum probably placed by appellee, but in the account rendered of expenditures there are many items for betterments placed upon his property, and they include the purchase of some land, furnishing of houses, and the like, which, if we understand correctly, means simply a devotion of so much of his income to principal of the estate. An analysis of the testimony, excluding items that may be regarded as investments, will show an income largely in excess of $30,000 per annum net. On the other hand, it appears that appellant is the owner of a considerable amount of property, consisting mainly of notes, bonds and stocks. The income derived from this property by appellant, and unclaimed by appellee, amounts, as appears, to $958.40 per annum. The parties had seven children, ranging from thirty-one years down to eleven years, at the time the bill was filed, and all but the three younger having reached their majority.

The principal question discussed by counsel is, whether, under these circumstances, the wife having property in her own right, the court could, or if it could it ought, in the exercise of sound discretion, make the wife an allowance out of the husband's estate *pendente lite.*

Whether an allowance shall be made or not, in the nature of temporary alimony, rests in the judicial discretion of the court,

to be exercised in view of the conditions and circumstances of each case, and an abuse of the discretion is necessarily subject to review. Unless, however, there is clearly an abuse of the discretion, the decree will not ordinarily be disturbed on appeal. *Andrews* v. *Andrews*, 69 Ill. 609; *Ressor* v. *Ressor*, 82 id. 442; *Rose* v. *Rose*, 53 Mich. 595; *Sparhawk* v. *Sparhawk*, 120 Mass. 200; *Powell* v. *Powell*, 53 Ind. 513.

The amount of the allowance will ordinarily, where the husband has any considerable estate, be less than what would be allowed as permanent alimony in divorce proceedings, and less than the permanent maintenance allowed in suits like the one at bar, but the amount is usually arrived at in the same manner as in awarding permanent alimony or maintenance; that is, by considering the joint income of the husband and wife. The husband's income, the estate of the wife, as well as the ages and condition in life of the parties, their ability to care for themselves, whether they are subjected to the support and education of minor children, and indeed all the circumstances shown affecting the propriety of the allowance, will be considered. *Plaster* v. *Plaster*, '67 Ill. 93; *Call* v. *Call*, 65 Me. 407; *Bergen* v. *Bergen*, 22 Ill. 187, and cases *supra*. Mr. Bishop, in treating of the considerations which blend with the faculties of the husband, in determining the amount of alimony to be allowed, says (secs. 455, 456): "Another important thing is the income of the wife ＊ ＊ ＊ arising from her separate estate, if such she has, And the method of computation is to add the wife's annual income to her husband's, consider what, under all the circumstances, should be allowed her out of the aggregate, then from the sum so determined deduct her separate income and the remainder will be the annual allowance to be given her." And farther (sec. 460) the same author says: "The ordinary rule of temporary alimony is to allow the wife about one-fifth of the joint income, deducting of course the income from the wife's separate estate in the way already explained. This is regarded as a fair medium, though the propor-

tion will vary, as we have seen, according to circumstances." See, to same effect, Stewart on Marriage and Divorce, 388; Brown on Divorce (4th ed.), 175.　In a large number of reported cases falling under our observation the rule above laid down has been recognized and substantially followed.　See cases cited, Am. & Eng. Ency. of Law, Alimony, 447.　However, the amount allowed by the courts is by no means uniformly in the proportion indicated by the text-writers.　It will be found that it varies from a sum sufficient to meet the actual wants and necessities of the wife in some cases, to a third or even a half of the income of the husband.　*Germond* v. *Germond*, 4 Paige, 643 ; *Denton* v. *Denton*, 1 Johns. Ch. 364 ; *Forest* v. *Forest*, 3 Bosw. 672; *Wright* v. *Wright*, 1 Edw. Ch. 62 ; *Williams* v. *Williams*, 4 Des. 183 ; *Amos* v. *Amos*, 3 Greene Ch. 171 ; *McGee* v. *McGee, supra ; Collins* v. *Collins*, 29 Ga. 529 ; *Williams* v. *Williams*, 29 Wis. 517.

The fifteenth section of the Divorce act (chap. 40), among other things, provides that "in every suit for divorce, the wife, when it is just and equitable, shall be entitled to alimony during the pendency of the suit."　When it is just and equitable will necessarily depend upon the conditions and circumstances of the particular case, when considered in the light of, and the questions arising determined according to, the established rules of chancery practice in like cases.　In other words, " when it is just and equitable," that the wife be allowed temporary alimony will be judicially determined according to the established principles of the court.

Some adjudged cases are to be found going to the extent of holding, with more or less directness, that no allowance will be made from the income of the husband, while the wife has property remaining which she may subject to the payment of the expenses of the litigation and to her support.　They are, however, opposed to the great weight of authority and can not be considered authority in this State.　Alimony, in its technical sense, related to the income, a sum to be paid from

the income of the husband, not by exhaustion of the *corpus* of his estate. And it is undoubtedly the rule that where there is no income, and the payment of the allowance will result in diminishing the estate from which the income is derived, it will not ordinarily be permitted to extend beyond providing for the actual wants and necessities of the wife. But if the husband has committed breaches of his marital obligation entitling her to a divorce, or she is living separate and apart from him through his fault, and without fault herself, which, if the prosecution of her suit be in good faith, must, on these applications, be assumed, she is entitled to be maintained and supported consistently with her station in life and the ability of the husband, if the money required therefor be not more than a just and equitable proportion of the joint income of herself and husband.

It would seem equitable and just that the wife, who is prosecuting her suit in good faith, should be placed upon an equality with the husband, and if her income be insufficient to maintain her, and to carry on the litigation, his income should be required to contribute before she should be required to exhaust her estate. We do not deem it necessary to enter upon a discussion of the reasons underlying the rule, entitling the wife to a proportion of the joint incomes, when necessary for her support. If the income of the wife be sufficient to suitably support her, there will ordinarily exist no reason for making an allowance for that purpose. But if the income of the wife be insufficient, and that of the husband be ample, equitable considerations and the weight of authority require, as we think, that such a sum should be allowed from the husband's income as will, when added to her own, enable the wife to live comfortably pending the litigation in the station in life to which he has accustomed her.

It is clear that the income of appellant was insufficient to thus support her, and the income of appellee being ample to properly maintain his family in the station in life in which

he had kept them, an allowance for the wife's support was properly made. The court allowed $900 for support of appellant from the separation to the filing of the petition, being about $200 per month. We do not understand, if any allowance was proper, that the amount here allowed is questioned. We purposely refrain from a discussion of the alleged conditions rendering this allowance necessary and proper.

The court, as seen, in addition allowed appellant $300 per month, to be paid by appellee as and for her support *pendente lite.* When this sum is added to the income of appellant, it can not be said that it will amount to more than a fair and reasonable proportion of the joint income of both. It is probably less than one-sixteenth of the husband's income alone, and quite certainly less than one-sixth of it. Nor can we say, in view of the station of these people in life, the manner in which appellee had maintained his family, and the large sums annually expended to sustain their manner of living, that this amount is unreasonable for her support and maintenance, or that there was an abuse of the discretion in respect thereof reposed in the court.

It is also urged that the court erred in allowing for solicitors' fees and other expenses of litigation any sum whatever. What has already been said disposes of the principal objection. Appellee will be able to make a very determined and expensive contest. In order that his wife may have a fair opportunity to present her cause, it is necessary, not only that she be suitably maintained, but she must be enabled to employ counsel and make proper preparation for trial. In making such allowances, due regard should always be had to the character of the litigation, the services necessarily to be performed, the probable expense to be incurred, and all other circumstances which the court can see may tend to lessen or increase the probable expense of the litigation. It can not be said, we think, that the allowance of $1,000 as solicitors' fees, and of $400 for other expenses of the suit, is so excessive, in

view of the facts disclosed, as to warrant the interference of an
appellate jurisdiction, upon the ground that it was an abuse
of the discretion reposed in the Circuit Court. It follows that
we are of opinion that the decree of the Circuit Court, in so
far as it relates to allowances for fees of solicitors, for other
expenses of suit, and for the maintenance of the wife *pendente
lite*, was properly entered, and that the Appellate Court erred
in reversing the same.

We are, however, of opinion that the Circuit Court erred in
making the allowance for the support of said minor daughters.
The father is by law entitled to the custody of his minor chil-
dren, and is responsible for their support and maintenance.
That a court of equity, having obtained jurisdiction of the
parties, may, when dealing with their marital rights, make
such order for the custody and maintenance of the minor
children as under the circumstances of the case may appear
just, and in the interest of such minor children, may be con-
ceded; but the father can not be deprived of his right of cus-
tody and right to maintain them at his home, if he have one,
except by the order or decree of a court of competent jurisdic-
tion. Here no such order was made, and by the decree the
question of the custody of the children was expressly reserved
until the hearing. That the court might, upon a hearing had
upon that matter, have made an order committing their tem-
porary custody to the mother, in no way aids the decree. The
only cause alleged in the bill why the children mentioned are
not residing with the father is that they are of tender years
and require a mother's care. There is no charge that appellee
has failed to suitably provide for them, or neglected or mis-
treated them. It appears he has an elegant and comfortable
home, presided over by an elder daughter, and a housekeeper
who was the nurse of these minors; that appellee never con-
sented to their leaving his home, and has frequently requested
and is desirous for their return. As seen, no evidence was
heard upon the question of their custody, and no order made

in respect thereof.   Under these circumstances appellee should not be required to furnish money to keep these minor daughters at hotels or elsewhere than at his home.   If appellant desires to retain the custody of these daughters, she should maintain them until she can procure an order of the court committing them to her custody.

The judgment of the Appellate Court is affirmed in so far as it reverses the decree of the Circuit Court, making an allowance of $180 per month for the support of said minor children, and in all else is reversed, and the decree of the Circuit Court, except as to the said allowance of $180 per month, is affirmed and the cause remanded.

*Judgment affirmed in part, and in part reversed.*