### William B. White v. Eliza J. White.

1. SEPARATE MAINTENANCE—*Solicitor's Fees.*—In a suit for separate maintenance by a wife, the court made an order allowing her solicitors $250, for fees " theretofore earned." *It was held,* that the recital that the fees were theretofore earned would not prevent the court, in case further claim was made, from considering what might be just on the whole case.

**Memorandum.**—Suit for separate maintenance. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed February 1, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, ELBERT H. GARY, ATTORNEY.

It was contended that the allowance of alimony should be of such sum as from the circumstances of the parties and the nature of the case is fit and reasonable; and should be in proportion to the needs of the party who receives it and to the ability of the other to pay. Foote v. Foote, 22 Ill. 425; Andrews v. Andrews, 69 Ill. 609; Wilson v. Wilson, 102 Ill. 297.

APPELLEE'S BRIEF, WILSON & ZOOK, ATTORNEYS.

There is no question but that there is abundant authority that complainant is entitled to have her solicitors, and that they shall be paid by the defendant in cases of this kind.· Jenkins v. Jenkins, 91 Ill. 167; Harding v. Harding, 40 Ill. App. 202; Brown v. Brown, 18 Ill. App. 446; Johnson v. Johnson, 20 Brad. 495; Wooley v. Wooley, 24 Ill. App. 433.

OPINION OF THE COURT, GARY, P. J.

The appellee filed a bill against the appellant, her husband, for a separate maintenance *pendente lite*. By consent an order was entered, giving her the custody of three young children, and the exclusive use of the homestead, the title to which is in her.

From October 20, 1891, to May 4, 1892, he has, as he alleges, paid to or for her and the children, $483.67. He admits that he is worth $200,000, but says his net income is small.

May 4, 1892, the court made two orders; one allowing the appellee $150 temporary alimony for the month beginning April 20, 1892, and the other allowing her solicitors $250 for fees theretofore earned; from both of these orders this appeal is prosecuted.

The recital that the fees were theretofore earned, will not prevent the court, in case further claim is made, from considering what may be just on the whole case. On the general merits the opinion of the Supreme Court in Harding v. Harding, 144 Ill. 588, 32 N. E. R. 206, is applicable, and requires that the orders be affirmed.