Gamble v. Gamble.

---

## John Gamble v. Mary E. Gamble.

1.  DIVORCE—*Alimony—When the Husband Must Pay.*—In marital litigation, apparently conducted on the part of the wife in good faith, the husband must provide, if he can, the means for her support and with which to litigate.

2.  ALIMONY—*Ability to Pay, a Question of Fact.*—The ability of a defendant in a divorce proceeding to pay alimony is in the nature of a question of fact to be settled in the court below.

Memorandum.—Divorce and alimony.   Error to and appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.   Two cases.   Heard in this court at the October term, 1894, and affirmed.   Opinion filed December 20, 1894.

McMURDY & JOB, attorneys for plaintiff in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

March 27, 1894, Mary filed a bill for a divorce against John, alleging a marriage between them November 6, 1890;

birth of a daughter July 31, 1891, and still living; such conduct by him as entitles her to a divorce; parting from him, taking the child with her. As to his ability to pay, there is some question, but we regard the opinion of the court below as settling it, at least to the very moderate extent required of him.

The marriage, birth of child, separation, and possession of the child by the wife, are not in dispute.

On this state of facts the court below, on the 23d day of April, 1894, entered an order that he pay $25 for her solicitor's fees within thirty days, and $5 per week alimony, commencing five days thereafter. From that order he appealed to this court, filing his bond April 30, 1894.

Then, on the 14th of May, 1894, the court entered an order that he pay her $5 per week pending the appeal. The Harding case, 144 Ill. 588, has settled the question that in marital disputes, apparently conducted on the part of the wife in good faith, the husband must provide, if he can, the means for her support and with which to litigate. Whatever he has paid on the second order will, no doubt, be a satisfaction *pro tanto* of the first. The second order was authorized by Sec. 15, Ch. 40, Divorce. Both orders are affirmed.