### William David, Jr., v. Hannah David.

1. DIVORCE— *Orders for Support of Children.*—An order requiring the defendant in a suit for divorce to pay to the complainant money for her and her children's support is not necessarily erroneous, because the court had not previously committed the custody of the children to the complainant.

2. APPELLATE COURT PRACTICE—*Dependence upon the Record.*—The Appellate Court must determine causes upon the record of the court below, and can not hear additional proof in court on appeal.

Divorce.—Appeal from the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

David v. David.

C. H. PAYSON, NELLY B. KESSLER and C. N. SAUM, attorneys for appellant.

FREE P. MORRIS and FRANK L. HOOPER, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On April 27, 1899, Hannah M. David filed in the court below her bill for divorce against her husband, William David, Jr. An injunction was granted thereon, restraining him from disposing of his real and personal property. On May 23, 1899, upon the hearing of a motion to modify the injunction, it was agreed that the defendant assign to complainant a certain note for $720, and deposit the same with the clerk of the court, to be held by him in escrow till the further order of the court, and that the defendant within twenty days pay complainant $50 for her own use, and pay her solicitors $50 upon their fees, and that such payment should not prejudice complainant's application for temporary maintenance and solicitor's fees at the next term of court; and thereupon the injunction was dissolved except so far as it restrained defendant from selling or incumbering the home farm of 160 acres. At the next term complainant petitioned the court to allow her temporary alimony and solicitor's fees, and the application was heard upon proofs submitted, and on June 27, 1899, the court ordered that defendant pay for the support of complainant and her children $15 on the first, and $15 on the fifteenth of each month thereafter, commencing July 1, 1899. This is an appeal from that order.

1. It is urged that this order is erroneous because the court had not committed the custody of the children to complainant, reliance being had on Harding v. Harding, 144 Ill. 588.

In that case the court, after an allowance of temporary alimony to the wife, had awarded a further sum of $180 per month for the support of two minor daughters. It was there held that a father can not be deprived of his right of

custody of his children and of his right to maintain them at his home, except by an order of court. In that case no such order had been made, but the question of the custody of the children had been expressly reserved till the final hearing, and the allowance for the support of said daughters was reversed. In the case at bar the allowance is of a gross sum for the support of the wife and children, and would be good as an allowance to the wife in any event. In the Harding case just cited the order appealed from also required the husband to pay the wife $900 for the support of herself and said daughters to that date, and that portion of the order was affirmed. But further the bill in this case prayed that defendant "may also be enjoined and restrained from interfering with your oratrix' custody of said children until the further order of this court," and the judge to whom said bill was presented entered an order directing that an injunction issue as prayed in said bill. This is regarded as sufficiently committing said children to the custody of complainant for the purposes of this case, although the clerk in issuing the writ omitted that part of the order.

2. Defendant undertook to show that he was able and willing to maintain said children at his own home, and offered to do so; and he insists that under such circumstances he ought not to be required to pay complainant for their support. The children in question are six daughters, ranging in age from thirteen months to fourteen years, and the younger ones, at least, obviously need the care of their mother. If the allegations of the bill are true, said daughters ought not to live with or be in the presence of their father. Until the hearing they should remain in the custody of their mother, unless a different showing is made from that contained in this record.

3. It is urged that the allowance is excessive. The record shows complainant has no property. Thirty dollars per month for the wife and six daughters is an allowance of less than fifteen cents per day for each person. The sworn bill shows (and the record nowhere contradicts it in this respect) that defendant owns a home farm of 160 acres, esti-

David v. David.

mated to be worth $8,700 over and above the incumbrance resting upon it; that he possesses another farm of 440 acres a few miles distant, under a contract for a deed, and estimated to be worth $8,700 more than the amount remaining unpaid on the contract; that he owns two notes, one for $720 and the other for $2,960; that he has fifty-two cattle, twelve horses, thirty-five to forty hogs, a large amount of poultry, and the ordinary farming implements for such a farm; and that after deducting certain debts, set forth in his proofs, he is worth between $18,000 and $19,000, besides the cattle, horses, hogs, poultry and farming implements. It does not seem to us excessive to require the owner of that amount of property to furnish support for his wife and minor children to the extent of less than fifteen cents a day for each one.

4. It is urged the wife should be required to use the $720 note. It is not shown that this note is due, and it is in the hands of the clerk subject to the order of the court, and when it becomes due defendant can apply to the court for any proper order concerning it.

5. The record shows that the wife has in her hands the contract for a deed of the 440 acres, and she testified that she held it subject to the order of the court. Defendant claims he could have sold this contract for a large sum of money, and that it was error to order him to pay alimony to his wife while she retained it. He did not ask the court to order it delivered to him, and can not complain that the court did not give him relief which he did not seek. Complainant has filed an affidavit here stating that on the day the order appealed from was entered her solicitors delivered said contract to the solicitors for defendant in open court, in the presence of the presiding judge. If so, that fact might well have been stated in the certificate of evidence. We must determine this cause upon the record of the court below, and can not hear additional proof in this court. If complainant still retains the contract the defendant can have any proper relief concerning it by applying to the court below.

For these reasons the order of the court below is affirmed.