## ALLOWANCE OF ALIMONY PENDENTE LITE.

Circuit Court of Belmont County.

WILFRED I. ADKINS v. EMILY H. ADKINS.

Decided, May Term, 1912.

*Divorce and Alimony—Where Petition States a Cause of Action—Alimony Pendente Lite May Be Allowed—Without Establishing the Allegations of the Petition by Proof.*

1. On an application for alimony *pendente lite* in a suit for divorce and alimony, the court may make an allowance to the wife for her sustenance and expenses during the suit, without requiring proof on her part of the truth of the allegations of her petition, charging aggressions of her husband, which constitute the grounds for such divorce and alimony.

2. The court may make an allowance of alimony *pendente lite* to the wife on a proper application therefor and notice, where her petition states a cause of action for divorce and alimony, if the court is satisfied that the action is being prosecuted in good faith, that the husband is able to pay such allowance, and that the wife has no means of her own to pay for sustenance and expenses.

*Kennon & Kennon*, for plaintiff in error.
*James C. Tallman* and *George Thornburg*, contra.

NORRIS, J.; POLLOCK, J., and METCALFE, J., concur.

This is a proceeding in error to reverse an order of the court of common pleas granting alimony to the wife *pendente lite*. The parties are husband and wife. Mrs. Adkins filed a petition for divorce and alimony. After filing her petition she made application to the court for an allowance of temporary alimony for her sustenance and expenses during the suit, giving to the defendant notice of the time and place of the hearing of the application.

Both parties appeared by counsel, and after a hearing the court of common pleas made an order granting plaintiff temporary alimony. An order by the court granting temporary

alimony is a final order, and may be reviewed on error. *King* v. *King*, 38 O. S., 370; *Niel* v. *Niel*, 38 O. S., 568.

It is claimed by the plaintiff in error that the order of the court below for temporary alimony was not supported by sufficient evidence. It is said the plaintiff offered no proof to sustain the charges of her petition for divorce, and therefore it was error for the court to order defendant to pay alimony *pendente lite*.

Plaintiff herself was called as a witness by defendant and cross-examined as to her knowledge of the truth of some of the charges in her petition, of some of which naturally she did not have personal knowledge.

What proof is required to support an order for alimony pending suit? Must plaintiff go into the trial of her case, and prove the truth of her charges against her husband before she is allowed temporary alimony? We do not think the law requires such proof, nor so far as this court has knowledge, is it the practice to require it. The subject is governed by the statutes of this state.

Section 7997 provides:

"The husband must support himself, his wife and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

Section 8000 provides:

"A husband and wife can not by any contract with each other alter their legal relations."

This section has an exception which is not in this case.

Section 8003 provides:

"If the husband neglects to make adequate provisions for the support of his wife, any other person, in good faith, may supply her with necessaries for her support and recover the reasonable value thereof from the husband."

Section 8004 provides:

"If the wife abandons the husband, he is not liable for her

support until she offers to return, unless she was justified by his misconduct in abandoning him.''

Such aggression on the part of the husband as would be a ground for divorce, would be sufficient justification for abandoning him.

Section 11994 provides:

''On notice to the opposite party of the time and place of the application, the court, or a judge thereof in vacation, may grant alimony to either of the parties for his or her sustenance and expenses during the suit.''

It would appear from reading this section that the granting of alimony *pendente lite* does not depend upon who brings the suit, or what the allegations of the pleadings are. If the husband brought suit against the wife for divorce on account of her aggressions, it would seem that under this statute the court would still be authorized to grant her temporary alimony for her sustenance and expenses.

This is confirmed by a reading of Section 11993, which provides that where a husband is granted a divorce for aggressions of the wife, the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just. So that the rule appears to be that so long as the marriage relation exists between the husband and wife the husband, if able, must support his wife, and if a suit for divorce is brought by either party the court may grant temporary alimony for the other's support, and the necessary expenses of the suit.

It is not denied in this case that the petition states a cause of action for divorce and alimony. We assume that the court of common pleas found that the action was brought and was being prosecuted by the plaintiff in good faith. In so finding, we are not able to say the court erred. There is no dispute in this case that the husband is able to support his wife, and that she has no means.

In *Graves* v. *Graves,* 50 O. S., 186, our Supreme Court hold that on hearing a petition by the wife for divorce and alimony,

the court may refuse her a divorce and still grant her alimony. See also *Lockwood* v. *Crum*, 34 O. S., 1.

In *Taylor* v. *Taylor*, 25 O. S., 71, it is said, ''The allowance, if any, in such cases, rests in the sound discretion of the court or judge,'' in speaking of an allowance of temporary alimony.

Counsel for plaintiff in error, in their brief, discuss the question of the exercise of discretion by the court. We think it is a legal discretion conferred by statute, and to be exercised in accordance with its provisions. The court should be satisfied that the parties are husband and wife; that a petition has been filed stating a good cause of action for divorce; that the action is being prosecuted by the wife in good faith; that the husband is financially able to pay her temporary alimony, either by his earning capacity or other means; that the wife has not sufficient means of her own to maintain herself and prepare her case for trial. None of these facts are seriously disputed in this case, except perhaps the good faith of the suit.

We do not think our statutes should be construed so as to require the plaintiff, on application for temporary alimony, to offer evidence to support the charges of her petition of aggressions on the part of the husband. We believe this to be the general rule of the law.

The 14th Cyclopedia of Law and Procedure on page 748 says:

''Subject to the conditions hereinafter noted, a wife is entitled almost as a matter of course, the merits of the case not being carefully scrutinized, to an allowance of temporary alimony, whether she be plaintiff or defendant, and although the statute makes no provision therefor.''

A large number of cases are cited in support of the text. Out of the numerous authorities we shall only refer to two or three.

*Cooper* v. *Cooper*, 85 Ill. Appeals, 575, says:

''In fixing the amount of alimony the court may take into consideration the fact of the wife's misconduct, but that a less sum should be allowed her on that account, even when her misconduct has contributed to the separation of the parties, has no application to a motion for temporary alimony and suit money.''

And again the court says:

"The court will not look into the merits on a motion for temporary alimony, but will only investigate sufficiently to determine whether the complainant's bill is exhibited in good faith. Whether the complainant has in fact a meritorious case, or whether the truth in respect to the issues on her side, can not be determined until the proof shall have been put in and a hearing had."

This case is affirmed by the Supreme Court of Illinois in the 185th Ill., 163. The Supreme Court laid down the same rule that we have quoted from the Appellate Court. Another leading case by the same court is *Harding* v. *Harding*, 144 Ill., 588, quoting from the syllabus:

"In a divorce or separate maintenance suit, while the matters in issue are being litigated, the wife shall be presumed to be entitled to support until it is shown by the result of the trial that her claims are forfeited. This rule grows out of the duty of the husband to maintain and support his wife, and protect her from oppression and wrong."

The court in the opinion in this last case say on page 595:

"It is no objection to the allowance being made that the husband denies what the wife alleges. To ascertain the truth in respect of the issues made by the bill and answer is the purpose of the trial, and to enable the wife to properly present her case, the purpose of the allowance. To hold that the mere denial by the defendant of the matters alleged would put the complainant upon proof would be subversive of the whole theory upon which the allowance of temporary alimony is based."

And the court cite a large number of authorities: *Bishop on Marriage and Divorce*, 384, 406, 423; *Stewart on Marriage and Divorce*, Secs. 383-386; *Brown on Divorce*, 244; *Poynter on Marriage and Divorce*, 247; *Newman* v. *Newman*, 69 Ill., 167.

We find no authorities in conflict with the ones we have cited. We do not think plaintiff was required in this case to offer proof of the truth of the allegations of her petition of the aggressions of the husband, to authorize the court to allow her alimony

*pendente lite,* and we do not think there was any error upon the part of the court in making such allowance, and the order is affirmed.