## Flora M. Nelson, Appellee, v. Richard Elmer Nelson, Appellant.

1. HUSBAND AND WIFE, § 236*—*when fact of marriage justifies temporary alimony.* Where in a separate maintenance proceeding the marriage ceremony was admitted by the defendant and only its legality questioned, allowance of temporary alimony was justified.

2. HUSBAND AND WIFE, § 232*—*when temporary alimony may be allowed.* It is no objection to the allowance of alimony pending the wife's bill for separate maintenance that the husband denies the facts alleged by her. The court may, if it deems necessary, enter into a sufficient examination to determine the good faith of complainant in exhibiting her bill, which will ordinarily be confined to an inspection of the pleadings.

3. HUSBAND AND WIFE, § 236*—*what is effect of dispute as to legality of marriage as to alimony.* Where the validity of the marriage was a disputed question in a bill for separate maintenance, it could not be prejudged on an application for temporary alimony, solicitors' fees and suit money, and the marriage ceremony, which was not denied, was deemed sufficient prima facie proof under the circumstances, and the validity of the marriage was reserved for determination upon the final hearing.

Appeal from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

WILLIAMS & WILLIAMS and MACK & MACK, for appellant.

O'HARRAS, WOOD & WALKER, for appellee.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

Appellee was married to one Robert Jones, and upon a bill filed by her a decree was rendered in the circuit court of McDonough county granting her a divorce. Subsequently she and appellant were, on June 24, 1913, married by the judge of the county court of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such county, and they lived together as husband and wife from the date of their marriage until December 13, 1913, when a separation occurred.

On October 9, 1918, appellee filed a bill for separate maintenance, in the circuit court of Hancock county, against appellant, who answered such bill denying her right to relief, and also filed a cross-bill for an annulment of their marriage.

The amended bill of complaint asked for separate maintenance, alimony, solicitors' fees and suit money. Such bill set up the fact of her prior marriage and divorce, and asked that it might be found, by a decree of court, that she and the said Richard Elmer Nelson were legally married on June 24, 1913, and that by said marriage ceremony on that date they became man and wife; that appellant, by decree, be estopped and precluded from at this time denying the said marriage and from insisting upon the insufficiency, if any, of said decree of divorce.

Appellant, by his answer, denied that appellee was his wife; denied that she had a right to maintain her suit for separate maintenance; alleged that she was the wife of Robert Jones, and that the decree of divorce rendered in the circuit court of McDonough county was void because the court had no jurisdiction over Robert Jones, the defendant therein.

Appellant also filed a cross-bill setting up the facts put in issue by the amended bill and answer thereto, and asked for an annulment of their marriage. It is the contention of one of the parties to this suit that the marriage is valid and of the other that it is bigamous and therefore void.

The court entered an order requiring appellant to pay appellee fifty dollars with which to retain counsel, and a further payment to her of forty dollars a month alimony until the further order of the court. No question is raised as to the amount of these sums if an

allowance is to be made, but it is insisted that no allowance should be made.

There is no denial of the marriage ceremony that was solemnized between the parties on June 24, 1913, but the legality of that marriage is attacked by appellant. The holding of the Supreme Court in *Reifschneider v. Reifschneider*, 241 Ill. 92, is conclusive of this case. The Supreme Court, in that case, said: "The marriage ceremony being admitted and only the legality questioned, the court was justified in allowing temporary alimony. It is no objection to the allowance of alimony pending the wife's bill for separate maintenance that the husband denies the facts alleged by her. The court may, if it deems necessary, enter into a sufficient examination to determine the food faith of the complainant in exhibiting her bill, which will ordinarily be confined to an inspection of the pleadings. *Harding v. Harding*, 144 Ill. 588; and *Cooper v. Cooper*, 185 Ill. 163."

We cannot say that it is clear that the parties hereto are not legally married. The validity of the marriage is a disputed question to be litigated in this case, and we cannot prejudge it on an application for temporary alimony, solicitors' fees and suit money. We deem the marriage ceremony sufficient prima facie proof under the circumstances in this case, and the validity of the marriage must be reserved for determination upon the final hearing. The very object of requiring the payment of temporary alimony, solicitors' fees and suit money is to provide appellee with means to present her case fully to the court. Appellant owes her this duty on account of having gone through the marriage ceremony with her, even though it may transpire upon a hearing that such marriage so solemnized was void.

The decree entered in the circuit court is affirmed.

*Decree affirmed.*